**Jeffrey H. BECK, Liquidating Trustee of the Estates of Crown Vantage, Inc. and Crown Paper Company, Appellant,**

v.

**PACE INTERNATIONAL UNION, on behalf of member and former member participants in pension plans sponsored by the Debtors; Edward Miller; Jeffrey D. Macek, on behalf of themselves and others similarly situated, Defendants—Appellees.**

**Pace International Union, AFL–CIO, Chemical & Energy Workers International Union, on behalf of members and former member participants in pension plans, Defendant—Appellant,**

v.

**Jeffrey H. Beck, Liquidating Trustee of the Estates of Crown Vantage, Inc. and Crown Paper Company, Appellee.**

No. 03–15303, 03–15331.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 4, 2004.

Decided Oct. 24, 2005.

Stephen A. Kroft, Esq., Rodger M. Landau, McDermott, Will & Emery, Los Angeles, CA, for Appellant and Appellee.

918

Christian L. Raisner, Esq., John Plotz, Esq., Weinberg Roger & Rosenfeld a Professional Corporation, Oakland, CA, for Defendants–Appellees.

Before: REINHARDT, PAEZ, and BERZON, Circuit Judges.

## MEMORANDUM *

In an opinion published today, we hold that the bankruptcy court did not err in concluding that the Crown board breached its fiduciary duties under the Employee Retirement Income Security Act of 1974 (ERISA), as amended, 29 U.S.C. §§ 1001–1461, affirm the district court's ruling on this issue, and remand the issue of PACE's standing. Crown challenges the remedy imposed by the bankruptcy court. We have jurisdiction pursuant to 28 U.S.C. § 158(d), and we affirm.

Bankruptcy courts have broad authority to order appropriate equitable relief. *See, e.g., Johnson v. Home State Bank,* 501 U.S. 78, 88, 111 S.Ct. 2150, 115 L.Ed.2d 66 (1991) ("[T]he bankruptcy court retains its broad equitable power to issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Code].") (internal quotation marks and citation omitted, second alteration in original). Moreover, ERISA § 502(a)(3) specifically recognizes that plan participants, beneficiaries or fiduciaries may obtain injunctive or "other appropriate equitable relief" to redress ERISA violations or to enforce ERISA provisions. 29 U.S.C. § 1132(a)(3). ERISA § 409 contains a "catchall" relief provision subjecting a fiduciary to personal liability for "such other equitable or remedial relief as

the court may deem appropriate." 29 U.S.C. § 1109(a); *Amalgamated Clothing & Textile Workers Union v. Murdock,* 861 F.2d 1406, 1414 (9th Cir.1988) ("When a fiduciary has breached one of his statutorily defined duties to an ERISA plan, then the catchall relief provision of § 409(a) may be used to fashion a remedy that inures to the benefit of the plan as a whole.") (internal quotation marks and citation omitted). We review the bankruptcy court's choice of remedies for an abuse of discretion. *Bankr.Receivables Mgmt. v. Lopez, (In re Lopez),* 345 F.3d 701, 705 (9th Cir.2003), *cert. denied,* 541 U.S. 987, 124 S.Ct. 2015, 158 L.Ed.2d 491 (2004).

Following the bankruptcy court's determination that Crown breached its fiduciary duties to plan participants and beneficiaries, the court issued a preliminary injunction ordering that Crown maintain the residual assets of the plan in an interest-bearing account pending a final decision on the allocation of the assets. Pursuant to the bankruptcy court's order, the parties submitted a joint report setting forth a procedure for distribution of the residual assets for the benefit of the plan participants. The bankruptcy court entered an order approving the distribution plan and left the preliminary injunction in effect pending implementation of the distribution.

Crown argues that by approving the distribution plan, the bankruptcy court improperly imposed a constructive trust over the residual assets of the plan. By the terms of its order, the bankruptcy court did not characterize the remedy it imposed as a constructive trust. Rather, having found a breach of fiduciary duties under ERISA, the bankruptcy court exercised its broad equitable power and approved a distribution of plan assets as set forth by the

parties. Under all of the circumstances, we fail to see how the bankruptcy court abused its discretion in awarding this relief.

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the